Arkansas State Highway Commission *v.* Anderson.

Opinion delivered November 23, 1931.

Hal L. Norwood, Attorney General, Claude Duty, Assistant, and Chas. A. Walls, for appellant.

Jno. R. Thompson, for appellee.

Humphreys, J. Appellant brought suit in the chancery court of Lonoke County to enjoin appellee from constructing a filling station on the northwest corner of block 32 in the town of Cabot, which property is owned by appellee. It was alleged as a basis for the action that, in order to widen State Highway 67 passing over the street in front of said property, the town enacted ordinance No. 50, making it unlawful for any person, firm, or corporation to place any building or obstruction within the extended boundaries of said highway, and imposing a daily fine of not less than $10 nor more than $50 upon any one violating said ordinance.

Appellee filed a demurrer to the complaint, alleging that it did not state a cause of action. The trial court sustained the demurrer, and dismissed the complaint, over appellant's objection and exception, from which is this appeal.

This is an attempt on the part of appellant to widen its highway under the protection of an ordinance to prevent adjoining property owners within the extended boundaries of highway 67 from constructing buildings on their property adjoining the original street in front of same. In other words, it is an attempted indirect method of taking private property for public use without just

·compensation, which is. prohibited by article 2, § 22, of the Constitution of 1874, as follows:

"The right of property is before and higher than any constitutional sanction, and private property shall not be taken, appropriated or damaged for public use without just compensation therefor."

Zoning ordinances are allowable in towns and cities when authorized by valid statutory authority and when in harmony with the Constitution of the State, but are not allowable when unauthorized and contrary to the Constitution.

Towns and cities may legally widen streets and alleys under authority delegated by §§ 4006, 4009 and 4010 of Crawford & Moses' Digest if the procedure provided therein is followed, but cannot do so by any other method.

The decree of the chancery court is affirmed.