COLEMAN *v.* SHERRILL.

4-3706

Opinion delivered October 22, 1934.

*Dene H. Coleman* and *W. K. Ruddell,* for appellants.
*W. M. Thompson* and *L. B. Poindexter,* for appellees.
*Neil C. Marsh, Henry Moore, Jr., Fred S. Armstrong, Tom W. Hardy, Wilbur D. Mills, Brundidge & Neelly, Miller & Yingling* and *Culbert L. Pearce, amici curiae.*

BAKER, J. By petition filed on the 5th day of September, 1934, E. C. Parsons *et al.* being more than 15 per cent. of the legal voters of Independence County, Arkansas, invoked the aid of Amendment No. 7 to the Constitution of the State of Arkansas to initiate the Independence County Salary Act, which was designated as "Initiative Act No. 1 of Independence County, Arkansas," with the title: "An act to fix the salaries and expenses of county officers and to fix the manner in which such compensations and salaries shall be paid and to re-

duce the cost of county government, and for other purposes.''

On the 18th day of September, 1934, the county clerk decided the petitions were insufficient and defective, and on that day notified W. M. Thompson, one of the attorneys, representing the petitioners, that he had so found, and gave as his reasons therefor: ''(1) That the petitions were filed with the county clerk and not with the county judge; (2) That the exact title to be placed upon the ballot was not submitted with the petition; (3) That the exact title to be placed upon the ballot was not submitted to the election commissioners; (4) That the title of said act as contained in said petition was insufficient and defective and not complete enough to convey an intelligible idea, and scope and import of the proposed law and not free from misleading tendencies.'' These findings were not signed by the clerk. On the 22d day of September the county judge of Independence County considered the matter and found that there were thirteen petitions containing 573 names, praying that there be submitted to the people at the next general election, to be held November 6, 1934, the question of the adoption of the proposed Initiative Act No. 1 for Independence County, and upon this hearing ordered that the clerk certify to the county board of election commissioners of Independence County said Initiative Act No. 1, using as a ballot title the title of the act.

Attacking this order, the appellants herein filed a complaint in the chancery court against J. Ed. Sherrill, county judge, and Edgar Baker, the county clerk, and against the three members of the board of county election commissioners, and pleaded the facts as have been herein set out, alleging that said order was made after the county clerk had declared the petitions to be insufficient and defective, and had notified the sponsors of that fact, and alleging that the act of the county court was contrary to, or, at least, not authorized by Amendment No. 7, and prayed that the order made by the county court be declared void; and that the court enjoin and restrain the county clerk from giving notice by publication, and from certifying to the election commissioners

any copy of said petition, and to enjoin the election commissioners from placing said Initiative Act No. 1 upon the ballot.

Several of the petitioners made themselves parties, filed answer to this complaint, and also filed a cross-complaint against the county clerk and the election commissioners for Independence County. In this they stated that the plaintiffs were taxpayers and legal voters; that the petitions were filed with the defendant, Edgar Baker, as county clerk; admitted that the county judge, J. Ed. Sherrill, had made the order which was made part of the complaint; denied that this order was contrary to Amendment No. 7; denied that it was made after the county clerk had found the petitions insufficient and defective. They alleged that the petitions were sufficient, and that they contained in themselves a valid ballot title, and that petitioners were entitled to have the matter placed upon the ballot to be voted upon at the next general election. They alleged also that they were entitled to have the actions of the county clerk reviewed by the chancery court, and that the county clerk should be required to certify the proposed act to the election commissioners; prayed that the election commissioners and the county clerk be required to do all and singular the duties required of them under the Constitution of the State and the laws thereof, and to certify the results of the election upon said Initiative Act No. 1, and for all other proper relief.

Upon the trial of the matter in chancery court, the court found: (1) That the filing of the petitions with the county clerk was a substantial and sufficient compliance with the provisions of Amendment No. 7; (2) That the title of the act contained in the petition filed with the county clerk is a substantial compliance with the provisions of Amendment No. 7 of the Constitution, with reference to the filing of a ballot title; (3) That it was not necessary that the ballot title be filed with the board of election commissioners at the time of filing the petition; (4) That the ballot title contained in the petition is sufficient and complete; (5) That said petitions contain the signature of more than 15 per cent. of the legal

voters of Independence County; (6) That the order of the county court approving said petitions and ordering the election thereon was not null and void.

The court dismissed the complaint for want of equity, and ordered and decreed that the county clerk certify the proposed act as being sufficient, and that defendants in the cross-complaint do and perform all duties as required of them by law to the end that said initiative act be placed upon the ballot for the purpose of allowing the same to be voted upon by the legal voters, as to its adoption or rejection at the next general election. It is from this order that the appeal is prayed.

The appeal brings up for our decision the following questions: First, was the title of the act, if it be treated as a ballot title, sufficient? Second, if sufficient, shall the title of the act be treated as the ballot title?

Both questions should be answered in the affirmative.

On the question of the sufficiency of the ballot title, it is argued that § 3 of the act provides for the creation of a new office, a custodian of the county buildings, offices and grounds, at a salary of $50 per month. Section 6 of the act provides that the offices of sheriff and tax collector be severed, and provides for the appointment of a tax collector by the Governor to serve until his successor is elected and qualifies. Section 7 provides that, instead of the sheriff receiving a salary, he shall remain on a fee basis, and the same section provides that the county should furnish bedding, clothing, medicine and medical treatment for prisoners. Section 8 of the act, in addition to fixing the salary of the tax collector, provides that all penalties and fees attaching upon nonpayment of delinquent personal property taxes shall go to the collecting officer who enforces payment. Section 15 provides that all contracts and purchases for supplies and equipment for the several county offices and institutions, amounting to $30 or more, shall be made by the county court, upon invited bids and to the lowest bidder; that most or all of these provisions of the measure are not mentioned or suggested by the ballot title, which should, on account thereof, be declared invalid.

Amendment No. 7 contemplates a liberal construction and, if substantially complied with, the proposition should be submitted to the vote of the electors. It provides "that the sufficiency of local petitions shall be decided in the first instance by the county clerk * * * subject to a review by the chancery court," and also "that, if the sufficiency of the petition is challenged, such cause shall be a preference cause and shall be tried at once, but the failure of the courts to decide prior to the election as to the sufficiency of any such petition shall not prevent the question from being placed upon the ballot at the election named in such petition, nor militate against the validity of such measure, if it shall have been approved by a vote of the people."

As said in *Shepard* v. *McDonald*, 188 Ark. 124, 64 S. W. (2d) 559: "When approved by the electors, it becomes a law, subject to the same rules of construction and interpretation as an act of the Legislature, and its constitutionality may be determined in the same way." In order that the right to legislate for themselves may be exercised, the people have reserved to themselves the right to pay or give compensation for the circulation of petitions and have provided against otherwise unwarranted restrictions interfering with the freedom of the people to enact their own local measures.

The amendment provides for advertisement or publication, "that all measures submitted to the vote of the people by petition under the provisions of this section shall be published as is now or hereafter may be provided by law." But it was not intended that the officer to whom the petition was submitted should have entire or exclusive control of the petition, but remedies were provided whereby such petitions could be brought before the electors of the next general election.

Having in mind these and other provisions of Amendment No. 7, it becomes apparent that a liberal construction, or interpretation, in order to make effectual the purposes intended, is required. We therefore hold that the title of the act set forth in the beginning of this opinion is sufficient as a ballot title to apprise the people of the general purposes of the proposed law. It is true

that from the title all of the matters dealt with in the petition cannot be ascertained. It does not set forth the fact that the offices of the sheriff and tax collector are to be held by different officers, nor the fact that the county is employing a custodian, or janitor, for its public buildings, and it might perhaps, with equal reason, be suggested that it does not state what any officer would be paid. It does, however, show that, instead of the fee system now prevailing, a salary system is proposed for adoption, and that the expenses of the county offices would be controlled, and that its purpose is to reduce the cost of county government, and "for other purposes." Of course, the expression "and for other purposes," separated from the text, would mean very little, but read with the ballot title the voter would understand that related matters or items of the cost of county government were subjects of legislation. Notice is given to those who do not desire to read more than a ballot title that the proposed change from the present system has for its general purpose a reduction of the expenses of county government, and that, if the proposed act receives a majority vote, there will be a readjustment of the compensation paid public officers, and of other expenses.

The real objection urged to the title of the act, which we are now treating as the ballot title, is the fact that it is not sufficiently elaborate. Any other ballot title would be susceptible of the same criticism unless it were in itself a complete abstract of .the act, which would be impracticable under ordinary conditions. It can be said, however, with certainty, that there is nothing in the ballot title that is deceptive or misleading. It is sufficiently complete to apprise any elector of the general purposes of the act.

In the case of *Westbrook* v. *McDonald,* 184 Ark. 740, 43 S. W. (2d) 356, the ballot title proposed for the referendum of the act of the Legislature of 1931, amending § 3505 of Crawford & Moses' Digest, was so framed that a voter might understand that the act was such as to permit the granting of decrees of divorce to applicants who have resided in the State for a period of three

months, or more, without proof of any of the causes for divorce. Such was the vice of that ballot title.

It did not submit the proposition of the three months period of residence in the State, instead of a year, as under the law was required to be alleged and established by proof, in addition to the cause of divorce.

The amendment provides also that: "All measures submitted to the vote of the people, under provisions of this section, shall be published as is now or hereafter may be provided by law." It may be observed that if the ballot title were intended to be so elaborate as to set forth all the details of the act, the publication, or advertisement, might, for that very obvious reason, be omitted. Perhaps, no set rule or formula can be announced as to what a ballot title shall contain, but it may be safely stated that, if it shall identify the proposed act and shall fairly allege the general purposes thereof, it is sufficient.

Any voter, not already having knowledge of the intention of the proposed law sufficiently satisfactory to him, upon the mere reading of the title, would no doubt gain such further information as he might desire from due advertisement of it in his county.

It is seriously argued that the county judge had no right or jurisdiction to act upon the petition, under act 356 of the Acts of 1927. It is unnecessary in this case to decide the powers of the county court or county judge, as this petition was filed with the county clerk and the question was reviewed by the chancery court after the county clerk had held the proposed act insufficient and defective and set out his reasons therefor.

Section 3 of the proposed act provides for the appointment, by the county judge, of a custodian for the county buildings, at a salary of $50 per month; such custodian to be recommended by two-thirds of the elective officers, and it is made the duty of the custodian to maintain the county buildings, offices and grounds in proper, sanitary and suitable conditions, and § 6 of the proposed act provides for a severance of the offices of sheriff and tax collector, and for the appointment by the Governor, of a tax collector, until an election can be had, or until such tax collector shall have been elected and qualified.

These must be held more as relating to matters of form, rather than substance, and on that account may be both treated together. By reading § 3 of the act, it is readily determined that the custodian is a janitor, who will look after and keep the public buildings in proper, sanitary and suitable condition. It is not urged or suggested that this is any added expense over and above that now prevailing. In fact, the only difference from the ordinary present management in a matter of this kind is that at least two-thirds of the elective officers must nominate the janitor prior to the county judge's appointment.

The severance of the sheriff's office from that of the tax collector is not a creation of a new office, nor is it shown or suggested that this will not redound to the best interests of the county. The two offices are distinct, but, in most instances, both have been filled by the sheriff and his deputies. In this case the people may exercise the right reserved to them and pass the proposed act, and afterwards elect a tax collector, or they may prefer that the sheriff continue to collect taxes.

There is no dearth of authority relating to titles of acts of the Legislature or of city ordinances. Perhaps they do not relate to initiative or referendum measures, but, nevertheless, are in point for those who may be interested in further academic research.

The general rule has been announced by the Maryland courts. It is one of the States in which there is a constitutional requirement to the effect that acts of the Legislature or city councils shall be confined to one subject set out in the title of the act or ordinance. Chief Justice McSherry says: "It has never been understood that the title of a statute should disclose the details embodied in the act. It is intended simply to indicate the subject to which the satute relates * * *. When the general subject is indicated, no detail matters need be mentioned in the title. 'The primary object of the provision, undoubtedly, is to exclude all foreign, irrelevant, or discordant matter from the statute and to confine the statute to the single subject disclosed in the title.' *Phinney* v. *Trustees,* 88 Md. 636, 42 Atl. 58.'' *Mayor of City of Baltimore* v. *Stewart,* 92 Md. 535, 48 Atl. 165, 168. *Mayor and City Council*

*of City of Baltimore* v. *Fuget,* 164 Md. 335, 105 Atl. 618-622.

In answer to the second question above, as follows: "Second, if sufficient, shall the title of the act be treated as the ballot title?" we suggest that Amendment No. 7 makes no provision or requirement that the measure proposed shall be given a title. In fact, the mandate for a ballot title is such as to permit the petitioners to file a separate instrument indicating the ballot title, as was done in the cases of *Westbrook* v. *McDonald,* 184 Ark. 740, 44 S. W. (2d) 331, and *Shepard* v. *McDonald,* 188 Ark. 124, 64 S. W. (2d) 559, and, by the same authority, when done in that manner, the instrument fixing the ballot title becomes a part of the petition, so, if the ballot title is a part of the petition, the requirement has been met.

We hold therefore that when, in a local measure presented by petition, the title of the measure, when given one, is incorporated in, and made a part of the petition, the said title becomes and is the ballot title.

It is urged further that there was no submission of the ballot title to the county board of election commissioners. Amendment No. 7 does not require, in the matter of county or municipal measures, that the ballot title should be submitted to the board of election commissioners simultaneously with the filing of a petition. It may be done at any time prior to the time of the preparation and printing of the ballots, and, if so done, it becomes the duty of that board to place the same upon the ballot. The members of the board of election commissioners of Independence County are defendants on the cross-complaint and were so ordered by the chancellor trying the cause.

We hold therefore that the title of Initiative Act No. 1 under consideration is sufficient as a ballot title, that there was no error in the decree in so holding, and in ordering the board of election commissioners to place the same on the ballot.

The case is therefore affirmed.