WALTON v. McDONALD, SECRETARY OF STATE.

4-4551

Opinion delivered October 15, 1936.

1156

*Miles & Amsler*, for petitioner.

*A. L. Rotenberry* and *June P. Wooten*, for respondents.

SMITH, J. A. D. Walton, as a citizen, taxpayer and elector of this State, has filed an original proceeding in this court for the purpose of questioning the sufficiency of the ballot title of a proposed initiated act.

The question presented, that of the sufficiency of ballot titles, has been definitely decided in previous opinions of this court, and we find it unnecessary to review any of the numerous cases in other jurisdictions on the subject.

The title of the proposed act reads as follows: "An act to provide for the assistance of aged and/or blind persons and funds therefor, the administration and distribution of same, penalties for the violation of act, and for other purposes."

The act contains forty-nine sections, but, without reciting its various provisions and administrative details, it may be said that it proposes to levy a permanent

general sales tax of two per cent., and to appropriate thirty-three and one-third per cent. of the gross proceeds of the tax on horse and dog racing to the old age and pension fund, and appropriates fifteen million dollars of the funds so to be raised for the purposes of the act for the biennial period ending June 30, 1939, if that sum shall be raised by its operation.

It will be observed that the ballot title consists of thirty-two words, and sixteen of these convey no information regarding the provisions of the proposed law. It does recite that it is ''An act to provide for the assistance of aged and/or blind persons and funds therefor, * * *.'' The additional words, ''* * * the administration and distribution of same, penalties for the violation of act, and for other purposes,'' furnish no explanation of its provisions, and afford the elector no information upon which to base intelligent action.

The title carries an appeal to all humane instincts. Few would object to some provision being made for the support of the aged and blind; but to levy a general sales tax of two per cent. for that, or any other purpose, is a different question altogether, and would furnish the elector, however generous his impulses might be, serious ground for reflection if that information were imparted to him by the title of the question upon which he exercised his right of suffrage. Especially would this be true if he were also advised that the act appropriates to its purposes thirty-three and one-third per cent. of the gross proceeds of the tax on horse and dog racing, which amounted, during the last biennium, to the gross sum of $379,059.73.

In *Westbrook* v. *McDonald*, 184 Ark. 740, 43 S. W. (2d) 356, 44 S. W. (2d) 331, the rule in regard to the sufficiency of a ballot title was stated as follows: ''The ballot title should be complete enough to convey an intelligible idea of the scope and import of the proposed law, and it ought to be free from any misleading tendency, whether of amplification, of omission, or of fallacy, and it must contain no partisan coloring.''

The rule thus announced was reaffirmed in the case of *Shepard* v. *McDonald,* 189 Ark. 29, 70 S. W. (2d) 566, where it was said: "The rule thus stated is broad enough to be all-inclusive and flexible enough to afford ample relief in all meritorious cases; therefore, we reaffirm it without citing or discussing authorities from other jurisdictions."

These cases were cited and approved in *Coleman* v. *Sherrill,* 189 Ark. 843, 75 S. W. (2d) 248, and in *Blocker* v. *Sewell,* 189 Ark. 924, 75 S. W. (2d) 658. In the case of *Coleman* v. *Sherrill, supra,* it was said: "It may be observed that if the ballot title were intended to be so elaborate as to set forth all the details of the act, the publication or advertisement might, for that very obvious reason, be omitted. Perhaps, no set rule or formula can be announced as to what a ballot title shall contain, but it may be safely stated that, if it shall identify the proposed act and shall fairly allege the general purposes thereof, it is sufficient."

The conclusion to be deduced from all these opinions is that, while the ballot title need not be so elaborate as to set forth the details of the act, it must identify the proposed act and recite its general purposes. In view of these decisions further discussion or amplification of the requisites of a valid title appear to be unnecessary.

The proposed ballot title fails to disclose the vital portion of this act, which is, not whether some provision shall be made for the aged and the blind, but how that provision is to be made. We do not hold that it is essential that the ballot title should have disclosed what the provisions for the aged and blind should be, or the amount thereof. But we do hold that the manner of making this provision is of the essence of the act. It is an essential fact which should be disclosed to the elector, and could have been done by the addition of only a few more words and without recitation of details. Every one knows the general operation of a sales tax. The undisclosed fact is that such a law will be put in operation. The ballot title does not, therefore, meet the test that it shall be free from any misleading tendency, whether of

amplification or of omission, and we, therefore, hold it insufficient. It may be said, in this connection, that our present sales tax law expires, by its own limitations, on July 1, 1937. Section 20A, act 233, Acts 1935, page 603.

It is suggested that the elector could, through the publication and public discussion of this and other initiated acts, acquire full information concerning their provisions. This is, no doubt, true in the case of many electors. But, even so, the law contemplates that all electors shall have certain information before them at the very time they exercise their right of suffrage, and this the ballot title here under review fails to furnish.

It is insisted that the sufficiency of the ballot title has not been questioned in apt time. It is argued that had this been done at an earlier date any defect in the title could have been supplied. It is true the Initiative and Referendum Amendment (Amendment No. 7), pursuant to which proponents have proceeded, provides that, if the Secretary of State, in the case of state-wide petitions, shall decide any petition defective, he shall permit thirty days for amendment; and this applies to the ballot title, as it is a portion of the petition. *Shepard* v. *McDonald,* 188 Ark. 124, 64 S. W. (2d) 559. But this provision of the amendment applies only in the case of adverse action on the part of the Secretary of State, and has no application to original suits brought in this court. The only limitation as to the time of action by the courts is that "The failure of the courts to decide prior to the election as to the sufficiency of the petition shall not prevent the question from being placed upon the ballot at the election named in such petition." There has been no such delay in the instant case.

The prayer for a writ of injunction against the certification of the act to the election officers of the state is therefore granted, and the writ awarded.

HUMPHREYS and MEHAFFY, JJ., dissent.

MEHAFFY, J., (dissenting). The only question in this case is whether the ballot title is sufficient. The majority hold that it is insufficient, and I do not agree in this conclusion.

In order to determine whether a ballot title is sufficient or not, it is important to inquire into the purpose of the ballot title. The majority opinion states: "Perhaps no set rule or formula can be announced as to what a valid title should contain, but it may be safely stated that if it shall identify the proposed act and fairly allege the general purposes thereof, it is sufficient."

I think even under this rule announced by the majority that the ballot title is sufficient; although I do not think there is anything in the constitution or the law that requires the ballot title to fairly allege the general purposes of the act.

The constitution provides: "At the time of filing petitions the exact title to be used on the ballot shall by the petitioners be submitted with the petition, and on state-wide measures, shall be submitted to the State Board of Election Commissioners who shall certify such title to the Secretary of State to be placed upon the ballot; on county and municipal measures such title shall be submitted to the county election board and shall by said board be placed upon the ballot in such county or municipal election." Amendment No. 7.

There is nothing in this provision of the constitution prescribing what the ballot title shall contain. It simply provides that the exact title to be used on the ballot shall be by the petitioners submitted with the petition. Why this provision in the constitution and what does it mean? Manifestly, the exact title must be used so that persons examining the ballot title filed with the petition may be able, when they see the ballot title on the ballot, to identify it with the one filed with the petition.

Certainly this ballot title comes within the provision of the constitution. It is not contended that the ballot title intended to be used on the ballot was not the exact title filed with the petition, and this is all the constitution requires. It cannot be said that there is anything in

the constitution, other than what I have quoted above, with reference to ballot titles.

There is no intimation or suggestion in the constitution or the law as to what the ballot title shall contain. The law requires an exact copy of the act to be filed with the petition, and the law also requires that the act must be published in every county in the state for four months. Why publish the act? Why spend thousands of dollars in publishing an act in every county in the state if the voter can get from the ballot title what the opinion of the majority says the ballot title should contain?

The majority opinion states: "While the ballot title need not be so elaborate as to set forth the details of the act, it must identify the proposed act and recite its general purposes." If that is true it would be perfectly useless to publish the act in every county in the state; but it is not true. It was not the intention that the ballot title should do more than identify the title on the ballot with the title that the voter is supposed to have seen, either in the Secretary of State's office or in the publications. He is supposed to have read the act and the title, and, then, when he sees the title on the ballot, he identifies it with the act that he has read.

I think the decisions of the court have annulled the amendment to the constitution. The Supreme Court of Oregon, in discussing ballot title, said: "There is nothing in the constitution as amended implying that the full title as appears in the proposed measure shall appear upon the ballot, nor does the act under consideration so require. The method provided is adequate to identify the bill, as indicated on the ballot, with the proposed measure on file in the office of the Secretary of State, the full title and text of which appear in pamphlets, a copy of which, under the law in force at the time the local option law was voted on, was presumably in the hands of each voter. The method then in use, and as since improved upon, was, and is, analogous to the proceeding before the legislative assembly. There, before the roll call for voting on a proposed measure is had, the pre-

siding officer announces that "We are about to vote on House (or Senate) Bill No. 104, or whatever number the bill may have, which number as thus announced identifies the bill to be voted upon with the printed bill on the desk of each member. True, the title is previously read, as is the entire bill, and so it is presumed to have been previously read by each voter under the initiative system.

"The only question, then, to determine is, does the title as designated and used on the ballot come within the purview of the constitution as amended and supplemented by the act of 1903? We think it does. * * * As above stated, the title of a bill before the legislative assembly is required to be read with the measure to be voted upon, and the full title is presumed to appear thereon. This method under the initiative would be impracticable; for, as manifest from the length of the title of the act under consideration, if many measures should be submitted to the voters at one time, to print upon the ballot a full title to each would require the ballot to contain many pages of printed matter, which cumbersome method was plainly intended to be avoided. To recognize the rule invoked by appellant would defeat the very purpose contemplated by the adoption of our fundamental laws of our direct, and additional, system of lawmaking. The system provided, as above considered, was obviously designed to take the place of that employed by the Legislature, and accomplishes the same result." *State* v. *Langworthy,* 55 Ore. 303, 104 Pac. 424, 106 Pac. 336. See, also, In re *Referendum Petition No. 30, State Question No. 94,* 71 Okla. 91, 175 Pac. 500; *Wagner* v. *City of LeGrande,* 89 Ore. 192, 173 Pac. 305; *Schumacher* v. *Byrne,* 61 N. D. 220, 237 N. W. 714.

If the majority opinion is correct it would be impossible for the voters, in the time allowed by law, to learn one act, much less be able to vote for all state, county and township officers, because they are limited to five minutes in the voting booth. Section 3800 of Crawford & Moses' Digest, among other things provides: "No elector shall be allowed to occupy a booth or com-

partment for the purpose of voting, for a longer time than five minutes.'' Imagine an average voter, in five minutes time, learning what the majority says he must get from the ballot title.

As I have already said, the only purpose of the ballot title is to identify it with the bill the voter is supposed to have read, either in the Secretary of State's office or from the publication required.

When neither the constitution nor the law has anything at all to say about what the ballot title must contain, except that it must be the exact title as that filed with the petition, and when the voter is limited to five minutes in the voting booth, it is obvious that it was not intended that the ballot title should contain what the majority opinion says it must contain.

There is something said in the majority opinion about the merits of the act, but that question is not before us. It may be a good act or a bad act, but our sole concern is as to the sufficiency of the ballot title.

This act was not only filed with the Secretary of State and published in every county, but the measure has been discussed all over the state. The holding of the court in the majority opinion, I think, repeals the I. & R. Amendment. This amendment was adopted by the people, and if repealed at all, it should be done by the people, and not by this court.

There is another act to be voted on, and the title to that act is ''AN ACT to amend, modify and improve judicial procedure and the criminal law, and for other purposes.'' It may be said that the title to this act was not attacked. That is true, but the point is that it was prepared by a committee of lawyers after a great deal of study, and they evidently thought that the only purpose of the title of a ballot was to identify it with the title filed with the petition, and that published in the newspapers.

This court quoted with approval recently the following statement from the Maryland Supreme Court (*Mayor, etc., of City of Baltimore* v. *Stewart,* 92 Md. 535, 48 Atl. 165): ''It has never been understood that

the title of a statute should disclose the details embodied in the act. It is intended simply to indicate the subject to which the statute relates." *Coleman* v. *Sherrill,* 189 Ark. 843, 75 S. W. (2d) 248.

The court also said in that case: "The real objection urged to the title of the act, which we are now treating as the ballot title, is the fact that it is not sufficiently elaborate. Any other ballot title would be susceptible of the same criticism unless it were in itself a complete abstract of the act, which would be impracticable under ordinary conditions."

This court said in the case of *Reeves* v. *Smith,* 190 Ark. 213, 78 S. W. (2d) 72: "Another reason, not less cogent, is that amendment No. 7 permits the exercise of the power reserved to the people to control, to some extent at least, the policies of the state, but more particularly of counties and municipalities, as distinguished from the exercise of similar power by the Legislature, and, since that residuum of power remains in the electors, their acts should not be thwarted by strict or technical construction."

The title of the act here proposed is as follows: "AN ACT to provide for the assistance of aged and or blind persons and funds therefor, the administration and distribution of same, penalties for the violation of act and for other purposes."

I think the title above copied is sufficient under the rule announced by the majority. It says that it is for the assistance of the aged and blind person, and to provide funds therefor. Every voter knows that the funds can be provided only by taxation, so they are advised by the title itself that there must be a tax to provide the funds. The title shows that the act provides for the administration and distribution of the funds, and penalties for violation of the act.

The Initiative & Referendum Amendment was adopted by the people for the purpose of giving them the right not only to have laws referred, but to initiate laws, and the acts of the people should not be thwarted by

technical construction, but they should have a right to vote on the question.

I think the ballot title is sufficient. Mr. Justice HUMPHREYS agrees with me in this dissenting opinion.