Mr. A.L. Gipson P.O. Box 485 Alma, AR 72921
Dear Mr. Gipson:
This is in response to your request, received by this office on June 18, 1991, for approval and certification of the following popular name and ballot title, pursuant to A.C.A. § 7-9-107
(Supp. 1989):
 (Popular Name) AN AMENDMENT TO REPEAL LOTTERY PROHIBITION (Ballot Title) AN AMENDMENT TO REPEAL THE ANTI-LOTTERY PROVISION IN THE ARKANSAS CONSTITUTION.
The Attorney General is required, pursuant to § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that the popular name is sufficient as submitted. It is my opinion, however, that a more suitable and accurate ballot title should be substituted for that proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
(Ballot Title)
 AN AMENDMENT TO THE CONSTITUTION OF ARKANSAS REPEALING THE PROHIBITION THEREIN AGAINST THE AUTHORIZATION OF A LOTTERY BY THE STATE AND REPEALING THE PROHIBITION THEREIN AGAINST THE SALE OF LOTTERY TICKETS.
Pursuant to A.C.A. § 7-9-103, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General