Ms. Diane C. Bray, President L.O.C.A.L. c/o Frank J. Wills III 401 West Capitol, Suite 555 Little Rock, Arkansas 72201
Dear Ms. Bray:
This is in response to your request, pursuant to A.C.A. §7-9-107 (Repl. 1993), for certification of the following proposed popular name and ballot title for a proposed constitutional amendment:
(Popular Name)
 THE LOCAL OPTION, CASINOS ARKANSAS LOTTERY AMENDMENT
(Ballot Title)
 A SEVERABLE AMENDMENT TO AUTHORIZE LIMITED LOCAL OPTION OTHER CASINOS, DESIGNATING CERTAIN CASINO SITES, AUTHORIZING A STATE LOTTERY, ESTABLISHING CERTAIN RULES FOR THE REGULATION OF LOTTERY AND CASINOS, CREATING THE ARKANSAS LOTTERY AND CASINO COMMISSION WITH JURISDICTION OVER THE LOTTERY 
CASINOS AND AUTHORIZING IT TO PROMULGATE RULES FOR THE LOTTERY AND CASINOS, LEVYING TAXES ON THE LOTTERY CASINOS, PROVIDING ADDITIONAL GENERAL REVENUES FOR THE STATE OF ARKANSAS, PROVIDING ADDITIONAL FUNDING FOR STATE HIGHWAYS, ADDITIONAL FUNDING FOR PUBLIC SAFETY FOR CITIES, COUNTIES AND THE STATE, AND PROVIDING ADDITIONAL FUNDING FOR THE PRESERVATION OF THE NATURAL RESOURCES OF THE STATE AND FOR THE TREATMENT OF VARIOUS FORMS OF ABUSE ADDICTION.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463,466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection.'" Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my opinion that a more suitable popular name should be substituted for the one proposed. The submitted popular name is therefore rejected, and the following substituted in its place:
(Popular Name)
 AN AMENDMENT TO ESTABLISH A STATE LOTTERY AND TO AUTHORIZE CASINO GAMBLING AT THREE DESIGNATED SITES, IN DESIGNATED COUNTIES, AND IN CERTAIN COUNTIES WHERE APPROVED BY THE VOTERS
In addition, in my opinion a more complete ballot title should be substituted for the one proposed, in order to give the voter a better understanding of the issues presented. The proposed ballot title is therefore rejected, and the following substituted therefor:
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION ESTABLISHING A STATE LOTTERY, TO BE OPERATED BY THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION, AS CREATED BY THIS AMENDMENT; DESIGNATING ONE (1) SITE EACH IN PULASKI, GARLAND AND CHICOT COUNTIES WHERE A GAMBLING CASINO MAY BE OPERATED; PROVIDING THAT AN ADDITIONAL CASINO IS AUTHORIZED IN PULASKI, CRITTENDEN AND GARLAND COUNTIES IN THE YEAR 1997 OR THEREAFTER, AND WITH RESPECT TO CRITTENDEN COUNTY, ANOTHER CASINO IS AUTHORIZED IN THE YEAR 1997 OR THEREAFTER IF NO CASINO SITE WAS AUTHORIZED IN CRITTENDEN COUNTY BY A PRIOR CONSTITUTIONAL AMENDMENT; AUTHORIZING THE ESTABLISHMENT OF ONE (1) GAMBLING CASINO IN SEBASTIAN, PHILLIPS, CHICOT, PULASKI, CARROLL, CRITTENDEN, GARLAND AND MILLER COUNTIES, IN ADDITION TO THE OTHER CASINOS AUTHORIZED BY THIS AMENDMENT, IF THE VOTERS OF THESE COUNTIES APPROVE SUCH A CASINO FOR THEIR COUNTY AND UPON APPROVAL OF A CASINO LICENSE APPLICANT BY THE COMMISSION; ALLOWING THE QUESTION OF WHETHER TO HAVE A CASINO IN ONE OF THESE COUNTIES TO BE PLACED ON THE BALLOT IN A GENERAL ELECTION IF A PETITION ON THE QUESTION, WHICH HAS BEEN SIGNED BY 20% OF THE QUALIFIED ELECTORS IN THE COUNTY AND PREPARED IN ACCORDANCE WITH THE PROCEDURES, SET FORTH IN AMENDMENT 7 TO THE ARKANSAS CONSTITUTION, FOR COUNTY INITIATED MEASURES HAS BEEN FILED WITH THE COUNTY CLERK AND DETERMINED TO BE SUFFICIENT; AUTHORIZING THE ESTABLISHMENT OF FIVE (5) ADDITIONAL CASINOS WITHIN THE STATE, TO BE LOCATED AMONG THE COUNTIES WHICH HAVE APPROVED A CASINO IN THEIR COUNTY, AS AUTHORIZED BY THIS AMENDMENT; PROVIDING THAT CASINO GAMBLING IS ALSO AUTHORIZED AT SUCH LOCATIONS AND BY SUCH LICENSEES AS WERE PREVIOUSLY AUTHORIZED BY OTHER VALID CONSTITUTIONAL AMENDMENTS, EXCEPT THAT ANY CASINO EXISTING AT THE TIME OF PASSAGE OF THIS AMENDMENT SHALL COME UNDER THE EXCLUSIVE CONTROL OF THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION AND BE SUBJECT TO ALL OF THE PROVISIONS OF THIS AMENDMENT; PROVIDING THAT THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION SHALL CONSIST OF FIVE (5) MEMBERS TO BE APPOINTED BY THE GOVERNOR, TO SERVE FIVE (5) YEAR TERMS; AUTHORIZING REMOVAL OF MEMBERS OF THE COMMISSION BY THE GOVERNOR FOR CAUSE, MISFEASANCE, MALFEASANCE OR NONFEASANCE; PROVIDING THAT IF THERE IS ANY ARKANSAS LOTTERY COMMISSION ESTABLISHED PRIOR TO THE PASSAGE OF THIS AMENDMENT, ALL POWER AND AUTHORITY OF SUCH COMMISSION SHALL BE VESTED IN THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION; EMPOWERING THE COMMISSION TO LICENSE AND REGULATE THE GAMBLING CASINOS IN THIS STATE, INCLUDING THE POWER TO REQUIRE, AND ESTABLISH FEES FOR, CASINO LICENSES, SET FINES AND PENALTIES FOR VIOLATIONS OF ITS RULES, AND INVESTIGATE THOSE MAKING APPLICATION FOR A CASINO LICENSE; LEVYING TAXES ON THE CASINOS, AS PRESCRIBED IN THE AMENDMENT; PROVIDING THAT THE ANNUAL REVENUES FROM TAXES, LICENSE FEES AND FINES LEVIED OR IMPOSED ON CASINOS BY THIS AMENDMENT, MINUS THE EXPENSES OF THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION, SHALL BE ALLOCATED AS FOLLOWS: 40% FOR THE ARKANSAS STATE HIGHWAY SYSTEM; 25% FOR LAW ENFORCEMENT AND CRIME PREVENTION, TO BE DISBURSED ON A PER CAPITA BASIS TO INCORPORATED MUNICIPALITIES AND COUNTIES IN THE STATE; 20% FOR LAW ENFORCEMENT AND CRIME PREVENTION, TO BE DISBURSED TO THOSE MUNICIPALITIES AND COUNTIES WHERE CASINO GAMBLING IS ACTUALLY LOCATED, WITH A PRO RATA SHARE GOING TO EACH RESPECTIVE COUNTY BASED ON THE AMOUNT OF GAMBLING REVENUES COLLECTED BY THE STATE FROM THAT COUNTY; 10% FOR THE PRESERVATION AND PROMOTION OF NATURAL RESOURCES; 5% FOR THE PREVENTION OF DRUG, ALCOHOL AND GAMBLING ADDICTION OR ABUSE; PROHIBITING LOTTERY TICKET SALES TO MINORS, OR ON CREDIT, OR THROUGH ANY PURCHASER OPERATED SYSTEM; PROVIDING THAT THE TOTAL ANNUAL REVENUES FROM THE SALE OF LOTTERY TICKETS SHALL, AS NEARLY AS REASONABLY PRACTICABLE, BE ALLOCATED BY THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION AS FOLLOWS: NOT LESS THAN 50% TO PRIZES FOR PLAYERS; NOT LESS THAN 35% TO BE APPROPRIATED BY THE GENERAL ASSEMBLY IN AMOUNTS PRESCRIBED IN THE AMENDMENT FOR THE GENERAL OPERATION OF STATE GOVERNMENT, FOR STATE HIGHWAYS, LAW ENFORCEMENT AND CRIME PREVENTION FOR MUNICIPALITIES AND COUNTIES, NATURAL RESOURCES, AND THE PREVENTION AND TREATMENT OF VARIOUS FORMS OF ADDICTION AND ABUSE; NO MORE THAN 10% FOR OPERATION OF THE STATE LOTTERY; AND 5% TO THE RETAILERS WHO SELL LOTTERY TICKETS AS A COMMISSION ON EACH LOTTERY TICKET SOLD; PROVIDING THAT BINGO GAMES, TO THE EXTENT AUTHORIZED BY THE VOTERS OF THE STATE, AND PARI-MUTUEL WAGERING ON HORSES AND GREYHOUNDS, AS HAS BEEN AUTHORIZED IN PRIOR CONSTITUTIONAL AMENDMENTS AND BY ACTS OF THE GENERAL ASSEMBLY, SHALL NOT BE CONSIDERED CONFLICTING WITH THIS AMENDMENT AND ARE AUTHORIZED ACTIVITIES UNDER THIS AMENDMENT; PROHIBITING ALL WAGERING ACTIVITIES OTHER THAN THOSE AUTHORIZED BY THIS AMENDMENT; REQUIRING THE GENERAL ASSEMBLY TO ENACT SUCH LEGISLATION AND MAKE SUCH APPROPRIATIONS AS SHALL BE NECESSARY TO ORGANIZE THE ARKANSAS STATE LOTTERY AND CASINO COMMISSION AND TO OTHERWISE IMPLEMENT THE PROVISIONS OF THIS AMENDMENT; REPEALING ALL EXISTING CONSTITUTIONAL PROVISIONS, LAWS AND PARTS OF LAWS IN CONFLICT WITH THIS AMENDMENT, EXCEPT AS OTHERWISE STATED IN THE AMENDMENT; PROHIBITING THE AMENDMENT OR REPEAL OF THIS AMENDMENT EXCEPT BY A MAJORITY OF THE VOTERS AT A GENERAL ELECTION HELD FOR THAT PURPOSE; PROVIDING THAT THE PROVISIONS OF THIS AMENDMENT ARE SEVERABLE; MAKING THE AMENDMENT EFFECTIVE UPON ADOPTION BY THE VOTERS; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh Enclosure