Oscar Stilley Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You previously submitted a proposed popular name and ballot title for the measure in question which resulted in my issuance of Op. Att'y. Gen. 99-196. In that Opinion, I rejected your proposed popular name and ballot title in light of a number of unresolved ambiguities arising from the text of your measure. You have now made several changes to the text of your proposed amendment and have submitted the following revised popular name and ballot title for my certification:
 POPULAR NAME AN AMENDMENT TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF CITIZEN INITIATIVES FROM THE BALLOT FOR ANY REASON EXCEPT FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE REQUIRED TIME FRAME, TO PROVIDE THAT IN STATEWIDE INITIATIVES ONLY THE POPULAR NAME AND NUMBER SHALL APPEAR ON THE BALLOT, TO PROVIDE RULES FOR THE PUBLICATION OF STATEWIDE INITIATIVES, TO PROVIDE THAT MANIFESTLY ERRONEOUS LANGUAGE IN CITIZEN INITIATED STATEWIDE INITIATIVES MAY BE REFORMED BY THE ARKANSAS SUPREME COURT, TO PROTECT THE RIGHT TO PEACEFULLY COLLECT SIGNATURES OR ADVOCATE FOR OR AGAINST BALLOT ISSUES NEAR POLLING PLACES ON ELECTION DAY, AND FOR OTHER PURPOSES.
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROHIBIT THE JUDICIAL DISQUALIFICATION OF INITIATED CONSTITUTIONAL AMENDMENTS, OR INITIATED LAWS OR ORDINANCES, FOR ANY REASON EXCEPT FOR THE FAILURE TO COLLECT THE REQUIRED NUMBER OF VALID SIGNATURES WITHIN THE LEGALLY SPECIFIED TIME PERIOD; PROVIDING THAT THE ARKANSAS SUPREME COURT MAY REFORM MANIFESTLY ERRONEOUS POPULAR NAME AND BALLOT TITLE LANGUAGE IN CITIZEN INITIATED STATEWIDE BALLOT ISSUES, IF COMPLAINT IS BROUGHT WITHIN 30 DAYS OF PUBLICATION INFORMING THE CITIZENS THAT THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES HAS BEEN SUBMITTED, AND IF SUCH REFORMATION CAN BE EFFECTUATED IN TIME SO AS NOT TO INTERFERE WITH THE ORDERLY CONDUCT OF THE ELECTION AT WHICH THE ISSUE IS TO BE DECIDED; PROVIDING THAT THIS AMENDMENT SHALL NOT PREVENT CONSTITUTIONAL CHALLENGES, OR CLAIMS OF VIOLATION OF SUPERIOR LAW BY THE INITIATED AMENDMENT, ACT, OR ORDINANCE, SUBSEQUENT TO THE PASSAGE OF THE AMENDMENT, LAW, OR ORDINANCE BY THE QUALIFIED ELECTORS; PROVIDING THAT IN THE FUTURE, ONLY THE POPULAR NAME AND PROPOSITION OR AMENDMENT NUMBER SHALL APPEAR ON THE OFFICIAL BALLOTS, WHERE STATEWIDE CITIZEN INITIATIVES ARE PRESENTED; PROVIDING THAT ANY REQUIRED BALLOT TITLE AND/OR ABSTRACT, AND NUMBER WHEN ASSIGNED, SHALL BE PUBLISHED TO THE VOTERS ON THE SECRETARY OF STATE'S OFFICIAL WEBSITE, WHEN AND AS AVAILABLE, IN AT LEAST ONE NEWSPAPER OF BONA FIDE STATEWIDE CIRCULATION, AT PUBLIC EXPENSE, AS SOON AS POSSIBLE AFTER THE FILING OF THE PRIMA FACIE REQUIRED NUMBER OF SIGNATURES, AND BY A SEPARATE PUBLICATION, MADE AVAILABLE TO THE VOTERS AT PUBLIC EXPENSE NOT LESS THAN ONE WEEK PRIOR TO THE ELECTION, SETTING FORTH THE NUMBER, POPULAR NAME, BALLOT TITLE AND/OR ABSTRACT, THE FULL TEXT OF THE PROPOSAL(S), AND ANY OTHER INFORMATION USEFUL TO THE VOTERS IN THE ELECTION TO BE HELD, INCLUDING PAID ADVERTISEMENTS TO THE EXTENT AUTHORIZED BY THE GENERAL ASSEMBLY; PROVIDING THAT NO OTHER PUBLICATION SHALL BE REQUIRED; PROVIDING THAT THE SUPREME COURT MAY STRIKE INVALID SIGNATURES PREVIOUSLY APPROVED BY THE SECRETARY OF STATE ONLY ON PROOF TO THE PREPONDERANCE OF THE EVIDENCE THAT THE SPECIFIC SIGNATURE OR SIGNATURES CHALLENGED ARE FORGERIES; PROVIDING THAT NO PETITION SIGNATURE SHALL BE DEEMED INVALID BECAUSE OTHER SIGNATURES UPON THE PART ARE FROM VOTERS REGISTERED IN OTHER COUNTIES OF THE STATE, OR BECAUSE THE SIGNER REGISTERED TO VOTE ON OR AFTER THE DATE OF SIGNING THE PETITION, BUT BEFORE THE SUBMISSION OF THE PETITION SIGNATURES TO THE SECRETARY OF STATE; PROVIDING THAT THE SPONSORS OF A PETITION MAY INTERVENE IN SUITS CHALLENGING THE PETITION, WITHOUT THE POSTING OF ANY BOND, OR SUBSEQUENT PAYMENT OF ANY COSTS EXCEPT IN CASE OF SUBSTANTIAL AND WILLFUL FRAUD ON THE PART OF THE SPONSORS OF THE PROPOSAL; GUARANTEEING THE RIGHT TO PEACEFULLY SOLICIT SIGNATURES OR ADVOCATE FOR OR AGAINST BALLOT ISSUES ON ELECTION DAY NEAR POLLING PLACES; PROVIDING THAT THE STATE MAY MAKE AND ENFORCE A REASONABLE DISTANCE LIMITATION ON SIGNATURE COLLECTING AND ISSUE ADVOCACY ACTIVITIES NEAR POLLING PLACES, NOT TO EXCEED 50 FEET FROM THE DOOR OF THE ROOM IN WHICH THE POLLING BOOTHS ARE LOCATED; PROVIDING THAT NOTHING IN THIS AMENDMENT SHALL BE CONSTRUED TO PREVENT THE LEGISLATURE FROM PROHIBITING AND PUNISHING DISORDERLY CONDUCT, FRAUD, HARASSMENT OF VOTERS WHO EXPRESS A WISH TO BE LEFT ALONE, OR OTHER VIOLATIONS OF THE RIGHTS OF THE ELECTORS; PROVIDING THAT THE STATE MAY NOT PROHIBIT VOTERS FROM BRINGING PRINTED MATERIAL INTO THE POLLING PLACE FOR PERSONAL USE; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE CITIZEN ACTIVIST, FOR SEVERABILITY AND GENERAL REPEALER OF CONFLICTING LAWS; PROVIDING THAT THE AMENDMENT SHALL BE SELF-EXECUTING AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject your submission due to an ambiguity or misleading tendency arising from the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly and completely summarize the effect of your proposed measure to the electorate in a popular name and ballot title without the resolution of this misleading tendency.
I refer to the following language found in Section 2(a) of your proposed amendment:
 Only the popular name and amendment or proposition number shall be placed upon the ballots used by voters, with respect to any statewide ballot issues initiated by the people. The requirement of a ballot title is not changed by this amendment.
The two sentences above are internally inconsistent. The first sentence indicates that no "ballot title" is required on the ballots presented to voters. The second sentence retains the requirement of such a ballot title. The inconsistency may be explained in the next sentence of your proposed amendment, which states that:
 The Arkansas General Assembly may make reasonable laws with respect to ballot titles and/or any abstract for the purpose of informing the public with respect to initiatives. Any required ballot title and/or abstract, popular name, and number, if and when assigned, of any proposed citizen initiated statewide ballot issue, shall be published. . . .
It may be your intention to retain the "ballot title" requirement only as a way of informing the voters of the measure's content in connection with the publication requirements of your proposed amendment, and not as a device to be used on the ballots. It is misleading, however, in my view (if this is in fact your intention), to refer to such a device as a "ballot title." "Ballot titles," by definition, appear on the "ballot." Your proposed measure gives the General Assembly the power to require a "ballot title," but other portions of your amendment prevent it from being placed on the ballot. I cannot summarize the effects of your measure on this point without clarification of this misleading tendency.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguity.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor. See A.C.A. § 7-9-107(c). I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner should you resubmit.
Sincerely,
MARK PRYOR Attorney General
Enclosure