Mr. Barry Emigh 1720 Arrowhead Road, Apartment O North Little Rock, Arkansas 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of a proposed popular name and ballot title for an initiated act. You have previously submitted a number of similar measures, each of which I have rejected due to ambiguous language contained in the text of your submissions. See Ops. Att'y. Gen. 99-265; 99-322; 99-369; and 99-393. You have made changes to the text of your measure and now propose the following popular name and ballot title for my certification:
 (Popular Name) FOOD SALES TAX EXEMPTION (Ballot Title) ACT TO EXEMPT FOOD ITEMS FROM THE GROSS RECEIPT SALES TAX: TO PROVIDE FOR THE EXCLUSION OF THE "ARKANSAS SOFT DRINK TAX ACT," PREPARED RESTAURANT FOOD AND ALCOHOLIC BEVERAGES FROM THIS ACT: TO PROVIDE THIS ACT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY;
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed popular name and ballot title under these precepts, it is my conclusion that I must again reject your submission due to ambiguities in the text of your measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b). I refer to the following ambiguities:
 1. Two separate ambiguities arise from Section 1 of your proposal. Section 1 of your proposed initiated act now provides as follows: "All food items defined as any item that is edible to include all drinkable food and beverage items excluded and not included in the" Arkansas Soft Drink Tax Act" within the jurisdiction of the State of Arkansas, and subdivisions thereof, shall hereby be exempt from the gross receipt tax with exception to those exclusions on food items herein stated." The first ambiguity in this Section arises from the language concerning the" Arkansas Soft Drink Tax Act." Your proposal exempts, from the gross receipts sales tax, all drinkable food and beverage items excluded and not included in the "Arkansas Soft Drink Tax Act." An ambiguity arises, in my judgment, as to whether this language refers to items currently excluded from that act, or whether the gross receipts sales tax exemption imposed by your act will change when and if the exemptions in the Soft Drink Tax Act change.
 2. The second ambiguity arising from the language of Section 1 is that, as currently drafted, the Section is unclear on whether the gross receipts tax exemption includes local sales taxes. Although the language of this Section refers to food and beverage items" within the jurisdiction of the State of Arkansas, and subdivisions thereof," the pertinent language of Section 1 exempts these items only from the" gross receipt tax." I assume from previous submissions and from a reading of your current proposed initiated act as a whole that it is your intention to exempt food items from state and local sales taxes. With the current changes to Section 1 of your text, however, this point may have become unintentionally obfuscated.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General