Oscar Stilley, Att'y at Law Central Mall Plaza, Ste. 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO PROVIDE FOR INSPECTIONS OF STRUCTURES BY ANY QUALIFIED PERSON, TO PROVIDE THAT LAND USE REGULATION BY LOCAL ENTITIES IN UNINCORPORATED AREAS MUST BE DONE BY PERSONS ELECTED BY THE VOTERS OF SAID UNINCORPORATED AREAS, TO PROVIDE THAT OWNERS OF LAND IN UNINCORPORATED AREAS MAY SELL PROPERTY AS A MATTER OF RIGHT BY GRANTING CERTAIN EASEMENTS AND ENFORCING CERTAIN SETBACK PROVISIONS, TO LIMIT STATE AND LOCAL REGULATION, AND FOR OTHER PURPOSES
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION PROVIDING THAT ALL INSPECTIONS OF STRUCTURES (DEFINED AS ANY BUILDING, ROAD, STREET, BRIDGE, DAM, PLANT, TOWER, EXCAVATION, OR SIMILAR MANMADE OBJECT, OR ANY COMPONENT PART THEREOF, OR ANY ELECTRICAL, MECHANICAL, OR HYDRAULIC SYSTEM, OR OTHER DEVICE, FOR USE IN OR FOR THE BENEFIT OF ANY SUCH BUILDING, ROAD, STREET, BRIDGE, DAM, PLANT, TOWER, EXCAVATION, OR SIMILAR MANMADE OBJECT) WHETHER FOR RESIDENTIAL, COMMERCIAL, OR OTHER PURPOSES, REQUIRED BY THE STATE OR ANY OF ITS SUBDIVISIONS, SHALL BE PERFORMED BY 1) LICENSED ARCHITECTS OR ENGINEERS, QUALIFIED FOR THE INSPECTION OF BUILDINGS, OR, 2) PERSONS WHO HAVE TAKEN AND PASSED A STANDARDIZED TEST DEMONSTRATING KNOWLEDGE OF THE SUBJECT MATTER OF THE INSPECTION TO BE PERFORMED, AND THUS LICENSED TO PERFORM SUCH INSPECTIONS; PROVIDING THAT THE GENERAL ASSEMBLY MAY BY GENERAL LAW PRESCRIBE EDUCATIONAL AND CHARACTER QUALIFICATIONS FOR PERSONS SEEKING SUCH LICENSES, BUT MAY NOT PRESCRIBE DIFFERENT OR MORE STRINGENT STANDARDS FOR PERSONS WHO ARE NOT EMPLOYED BY GOVERNMENTAL ENTITIES FOR THE INSPECTION OF STRUCTURES; PROVIDING THAT THE gENERAL aSSEMBLY MAY BY GENERAL LAW REQUIRE ALL SUCH PERSONS TO BE BONDED, PROVIDED THAT BONDING REQUIREMENTS SHALL BE EQUALLY APPLICABLE TO PERSONS EMPLOYED BY GOVERNMENTS OR THEIR AGENCIES, PROVIDING THAT THE WRITTEN REPORT OF ANY SUCH INSPECTION SHALL BE ACCEPTED BY ANY CITY, TOWN, OR OTHER GOVERNMENTAL AGENCY REQUIRING SUCH INSPECTIONS, AS PROOF THAT THE STRUCTURE MEETS THE REQUIREMENTS OF THE PERTINENT LAWS, ORDINANCES, OR CODES, AS SET FORTH AND ALLEGED IN THE REPORT; PROVIDING THAT NEITHER THE STATE OF ARKANSAS NOR ANY OF ITS SUBDIVISIONS SHALL REQUIRE OTHER OR FURTHER PROOF OF COMPLIANCE WITH PERTINENT LAWS, ORDINANCES, OR CODES; PROVIDING THAT WHERE ANY LICENSED INSPECTOR WILLFULLY AND FRAUDULENTLY CERTIFIES COMPLIANCE WITH PERTINENT LAWS, ORDINANCES, OR CODES, AND ANY PERSON IS INJURED IN HIS PERSON OR PROPERTY THEREBY, SUCH INSPECTOR SHALL BE LIABLE ON HIS BOND AND OUT OF HIS OWN ESTATE FOR THE DAMAGES PROXIMATELY CAUSED THEREBY; PROVIDING THAT UPON PROOF OF SUCH FACTS, THE INSPECTOR SHALL ALSO BE SUBJECT TO SUSPENSION OR REVOCATION OF HIS LICENSE, AS MAY BE APPROPRIATE; PROVIDING THAT ALL LOCAL GOVERNMENT REGULATION OF THE DEVELOPMENT OF UNINCORPORATED AREAS WITHIN THE COUNTIES OF THE STATE SHALL BE BY PERSONS ELECTED EXCLUSIVELY BY THE LEGAL ELECTORS RESIDING IN THE UNINCORPORATED AREAS OF THE COUNTY, VOTING AT REGULARLY SCHEDULED STATEWIDE ELECTIONS: PROVIDING THAT THE GENERAL ASSEMBLY SHALL BY GENERAL LAW ESTABLISH PROCEDURES FOR THE SELECTION, MAKEUP AND OPERATION OF SUCH REGULATORY BODIES; PROVIDING THAT ANY OWNER OF REAL PROPERTY IN THE UNINCORPORATED AREA OF ANY COUNTY OF THIS STATE MAY, AS A MATTER OF RIGHT, SELL PART BUT LESS THAN ALL OF ANY REAL PROPERTY, OR SELL ALL OF ANY PROPERTY TO TWO OR MORE PURCHASERS, WHERE THE SELLER 1) GRANTS AN EASEMENT OF LAND REASONABLY USEABLE FOR A NOADWAY [SIC], NOT LESS THAN 30 FEET IN WIDTH, CONNECTING THE PROPERTY WITH A PUBLIC ROAD, AND AN ADDITIONAL UTILITY EASEMENT ADJACENT THERETO NOT LESS THAN 15 FEET WIDE; AND, 2) SECURES FROM EACH BUYER A SETBACK AGREEMENT, REQUIRING THE BUYER, AND HIS HEIRS OR ASSIGNS, TO REFRAIN FROM THE PLACEMENT OF STRUCTURES LESS THAN 50 FEET FROM THE CENTERLINE OF THE EASEMENT DESCRIBED HEREIN, AND FROM ANY OTHER THEN EXISTING PUBLIC ROAD OR HIGHWAY, OR ELSE TO REMOVE SAID STRUCTURE AT THE COST OF THE LANDOWNER IN CASE THE ROAD, OR PART THEREOF, IS WIDENED SUCH THAT THE STRUCTURE INTERFERES WITH THE CONSTRUCTION OR USE OF THE WIDENED ROAD; PROVIDING THAT WHERE THE OWNER OF PROPERTY SELLS PURSUANT TO THE RIGHTS GRANTED HEREIN, THE SELLER AND BUYER SHALL BE ENTITLED TO THE RIGHT TO RECORD ANY DEEDS OR OTHER INSTRUMENTS WITHOUT PAYMENT OF ANY CHARGES, EXCEPT THOSE CHARGED OF ALL SELLERS OF REAL PROPERTY BY THE GENERAL LAWS OF ARKANSAS; PROVIDING THAT THE RIGHTS HEREIN SHALL BE CUMULATIVE TO ANY OTHER LEGAL MEANS OF OBTAINING THE APPROVAL OF SALE OF PROPERTY AND RECORDATION OF DEEDS IN UNINCORPORATED AREAS OF THE STATE OF ARKANSAS; PROHIBITING THE STATE OF ARKANSAS AND ITS SUBDIVISIONS FROM MAKING OR ENFORCING ANY LAW OR REGULATION OF BUSINESS, COMMERCE, TRADES, EMPLOYMENT, OR ENVIRONMENTAL MATTERS, IF SAID LAW IS DETRIMENTAL TO THE FINANCIAL WELL-BEING OF THE REGULATED PERSON OR ENTITY, OR THE TAXPAYERS AT LARGE, UNLESS THE PROPONENT OF THE LAW OR REGULATION PROVES SAME IS REASONABLY NECESSARY AND EFFECTIVE TO PROTECT A SUBSTANTIAL STATE INTEREST, AND THE OPPONENT OF THE LAW OR REGULATION FAILS TO PROVE THAT AN ALTERNATIVE LESS COSTLY TO THE CITIZENRY WOULD REASONABLY PROTECT THE STATE'S INTEREST; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to certain ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary before your proposed measure can be fully and correctly summarized. I cannot fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
More specifically, I find that the text of your proposed measure contains the following ambiguities:
 • Section 3 of your proposed measure provides: "All local government regulation of the development of unincorporated areas within the counties of the state shall be by persons elected exclusively by the legal electors residing in the unincorporated areas of the county, voting at regularly scheduled statewide elections. The General Assembly shall by general law establish procedures for the selection, makeup and operation of such regulatory bodies." It is unclear from the language whether the intent is to create a separate regulatory body for each unincorporated area of each county, and if so, the geographic scope of the area to be governed by that body — or whether, in contrast, one such body will be created, to be comprised of representatives from each unincorporated area, and again, if so, the geographic scope of the area to be represented by each member of the body. It is also unclear whether this language was intended to affect the current laws allowing municipalities to exercise some jurisdiction over some unincorporated areas adjacent to city limits.
 • Section 4 of your proposed measure provides: "Any owner of real property in the unincorporated area of any county of this state may, as a matter of right, sell part but less than all of any real property, or sell all of any property to two or more purchasers, where the seller: [the measure then lists two conditions for such sales, both concerning easements]." The ambiguity arises out of the fact that measure goes on to provide: "Where the owner of property sells pursuant to the rights granted herein, the seller and buyer shall be entitled to the right to record any deeds or other instruments without payment of any charges, except those charged of all sellers of real property by the general laws of Arkansas." It is unclear whether this section was intended to limit all sales of real property in unincorporated areas to those in which the two conditions are met, or whether it was intended to grant special privileges to seller who meet these conditions. The second part of the provision seems to contemplate that sales not meeting these conditions will still be permissible, but it is unclear what special privilege will be gained by meeting the two conditions. The second part of the provision appears to permit a waiver of filing charges, but then goes on to exclude charges imposed on all sellers of real property. It is unclear what charges are to be waived.
 • Section 5 of your proposed measure prohibits the state or its subdivisions from making or enforcing "any law or regulation of business, commerce, trades, employment, or environmental matters, if said law is detrimental to the financial well-being of the regulated person or entity, or the taxpayers at large. . . ." First, the phrase "detrimental to the financial well-being" is to be defined. Second, it is unclear whether proof of the financial detriment must be legally established through a full-blown judicial proceeding prior to the passage of the law or regulation in question, and if so, the nature of the proceeding by which such proof would be established.
Unless the foregoing ambiguities are resolved, I will be unable to summarize your proposed amendment effectively.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General