Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed initiated act:
 POPULAR NAME PROHIBITING SPECIAL ELECTIONS AND SESSIONS OF THE GENERAL ASSEMBLY WITHOUT PROBABLE CAUSE OF AN EMERGENCY
 BALLOT TITLE AMENDMENT TO PROVIDE THE STATE, AND SUBDIVISIONS THEREOF, SHALL BE PROHIBITED FROM HAVING A SPECIAL ELECTION FOR THE PURPOSE OF TAXATION WITHOUT PROBABLE CAUSE OF AN EMERGENCY NEED; TO PROVIDE THE GOVERNOR OF THE STATE SHALL BE PROHIBITED FROM HAVING ANY SPECIAL SESSION OF THE GENERAL ASSEMBLY WITHOUT PROBABLE CAUSE OF AN EMERGENCY; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See Arkansas Women's Political Caucus v.Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed measure that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to various ambiguities in the text of your proposed measure. Various additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b). I refer to the following ambiguities:
 1. Section One (1) of your proposed amendment, captioned "SPECIAL ELECTIONS," provides: "Upon passage of this amendment the state, and subdivisions thereof, shall be prohibited from having any special election for the purpose of taxation without probable cause of an emergency need." The phrase "without probable cause of an emergency need" is ambiguous for the following reasons: (a) the proposed amendment fails to offer any definition of what constitutes "probable cause"; (b) the proposed amendment fails to offer any definition of what constitutes an "emergency need"; (c) the proposed amendment fails to identify the person or entity charged with making the probable-cause determination; (d) the proposed amendment fails to specify the procedure whereby the probable-cause determination will be made; and (e) the proposed amendment fails to specify any procedure for enforcing the probable-cause determination.
 2. Section Two (2) of your proposed amendment, captioned "SPECIAL SESSIONS OF THE GENERAL ASSEMBLY," provides: "Upon passage of this amendment the Governor shall be prohibited from having any special session of the General Assembly without probable cause of an emergency need." The phrase "without probable cause of an emergency need" is ambiguous for the same reasons recited in the preceding paragraph.
 3. Section Three (3), captioned "AMENDMENT SELF EXECUTING; OTHER LAWS AUTHORIZED OR REQUIRED" provides: "The provisions of this amendment shall be self executing, and shall take effect immediately upon passage. The General Assembly, and any and all state or local rule making authorities, shall be required to make all other and further laws, and regulations to the enforcement of this Constitutional Amendment." I find this section to be internally contradictory in that "self-executing" provisions by their very nature will not require the adoption of "further laws and regulations" to enable their "enforcement." Moreover, given the defects identified in the preceding paragraphs, it is misleading to suggest that this proposed amendment could be" self-executing."
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matter discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh