Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. I rejected two proposed popular name and ballot title submissions for similar measures due to ambiguities in the texts of those measures. See Ops. Att'y Gen. Nos. 2000-186 and -214. You have made changes to your measure and submitted a revised popular name and ballot title for my certification.
I am rejecting your proposed popular name and ballot title. Please readthis letter carefully. It contains important information about why I amrejecting your proposed popular name and ballot title.
Your proposed popular name and ballot title are stated as follows:
 POPULAR NAME OPERATION OF NON-PROFIT ORGANIZATION BINGO AND RAFFLES, PAYMENT OF CANVASSERS AND SPONSORS BEFORE EXEMPTING STATE AND LOCAL GROSS RECEIPT TAX FROM CERTAIN FOOD ITEMS
 BALLOT TITLE AN AMENDMENT PROVIDING NON-PROFIT ORGANIZATIONS INCORPORATED IN THE STATE OR REGISTERED TO DO BUSINESS IN THE STATE TO OPERATE BINGO AS THE RISKING OF MONEY ON A GAME PLAYED WITH CARDS HAVING NUMBERED SQUARES CORRESPONDING TO NUMBERED BALLS DRAWN AT RANDOM TO WIN A PRIZE OR MONEY BY COVERING THE NUMBERS IN ANY SUCH MANNER AS SHALL BE REQUESTED BY THE OPERATOR OF THE GAME, AND TO OPERATE RAFFLES AS THE RISKING OF MONEY FOR THE DISTRIBUTION OF A PRIZE AMONG PERSONS WHO HAVE PAID FOR A CHANCE TO OBTAIN A PRIZE AS VOLUNTARY OPTIONS OF OPERATION BY NON PROFIT ORGANIZATIONS; PROVIDING FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSION AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF FUNDS IN THE CANVASSER'S ACCOUNT, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS AS DEFINED HEREIN FOR THE FIRST 180 DAYS AFTER PASSAGE OF THIS AMENDMENT AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE CANVASSER'S ACCOUNT FOR SAID TIME; CREATING THE CANVASSER'S ACCOUNT SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT THE "CANVASSER'S ACCOUNT" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE CANVASSER'S ACCOUNT MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE CANVASSER'S ACCOUNT IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. §§ 24-3-408, -414, -415, -417 TO -425 AND A.C.A. § 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE CANVASSER'S ACCOUNT, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; AUTHORIZING 40% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT TO BE DIVIDED EQUALLY BY THE NUMBER OF REGISTERED VOTER SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING AN EQUAL PART FROM THE ACCOUNT FOR EACH REGISTERED VOTER'S SIGNATURE ACCEPTED AS VALID BY THE SECRETARY OF STATE; REQUIRING THE STATE BOARD OF FINANCE TO PAY 10% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT TO THE SPONSOR OF THIS AMENDMENT; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE TO THE CANVASSERS AND SPONSOR OF THIS AMENDMENT NOT MORE THAN 30 WORKING DAYS AFTER THE FINAL DEPOSIT OF THE PRINCIPAL AMOUNT IN THE CANVASSER'S ACCOUNT; PROVIDING 50% OF THE PRINCIPAL AMOUNT OF THE CANVASSER'S PAYMENT ACCOUNT BE RETAINED IN THE CANVASSER'S ACCOUNT; PROVIDING ALL INVESTMENT EARNINGS ON THE PRINCIPAL AMOUNT OF THE CANVASSER'S ACCOUNT BE RETAINED IN THE ACCOUNT; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY PERSON FOR THEIR SIGNATURE ON ANY PETITION AS A PETITIONER WITH THEIR SIGNATURE AS CANVASSER; AUTHORIZING 40% OF THE INVESTMENT EARNINGS FROM THE DATE OF CERTIFICATION BY THE ATTORNEY GENERAL OF ANY STATE WIDE AMENDMENT OR ACT TO THE DATE OF PASSAGE BY THE VOTERS BE EQUALLY DIVIDED BY THE NUMBER OF REGISTERED VOTER SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THE AMENDMENT OR ACT ON THE GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING AN EQUAL PART FROM THE CANVASSER'S ACCOUNT FOR EACH REGISTERED VOTER'S SIGNATURE ACCEPTED AS VALID BY THE SECRETARY OF STATE; AUTHORIZING 10% OF THE INVESTMENT EARNINGS FROM THE DATE OF CERTIFICATION BY THE ATTORNEY GENERAL OF ANY AMENDMENT OR ACT TO THE DATE OF PASSAGE BY THE VOTERS BE PAID FROM THE CANVASSER'S ACCOUNT TO THE SPONSOR; REQUIRING THE STATE BOARD OF FINANCE TO PAY THE CANVASSERS AND SPONSORS FROM THE CANVASSER'S ACCOUNT NOT MORE THAN 30 DAYS AFTER PASSAGE OF ANY STATE WIDE AMENDMENT OR ACT WITH EXCEPTION OF EXCLUSION TO THOSE CANVASSERS AND THE SPONSOR OF THIS AMENDMENT; REQUIRING REDEPOSIT OF INVESTMENT EARNINGS IN THE CANVASSER'S ACCOUNT NOT USED FOR THE PURPOSES HEREIN STATED; PROVIDING ANY PAYMENT FROM THE CANVASSER'S ACCOUNT BY THE STATE BOARD OF FINANCE TO ANY CANVASSER AND THE SPONSOR OF THIS AMENDMENT AND THE CANVASSERS AND SPONSORS OF ANY OTHER STATE WIDE AMENDMENT OR ACT APPROVED BY THE VOTERS TO BE EXEMPT FROM ANY STATE TAX; PROVIDING THE SECRETARY OF STATE TO FORWARD A COPY OF A SPONSOR'S PETITION ON ANY STATE WIDE AMENDMENT OR ACT CERTIFIED BY THE ATTORNEY GENERAL TO THE COUNTY CLERK OF EACH COUNTY WITHIN THE STATE; PROVIDING THE COUNTY CLERKS TO POST THE PETITIONS AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING; PROVIDING THE COUNTY CLERK TO PROVIDE A COPY OF ANY PETITION TO ANY PERSON UPON REQUEST BY THAT PERSON AND TO CHARGE NO FEE FOR ANY COPY OR SERVICE TO PROVIDE A COPY OF A PETITION; ON THE 181ST DAY AFTER PASSAGE OF THIS AMENDMENT FOOD AS DEFINED HEREIN WITH EXCEPTION OF THOSE EXCLUSIONS SHALL BE EXEMPT FROM THE STATE AND LOCAL RECEIPT SALES TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE STATE AND LOCAL GROSS RECEIPT SALES TAX UNDER A.C.A. § 26-57-901 OF THE "ARKANSAS SOFT DRINK TAX ACT" AND TO PROVIDE ANY ITEMS HEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX ACT TO BE DEPOSITED IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON PREPARED RESTAURANT FOODS DEFINED AS A RESTAURANT OR SIMILAR BUSINESS UNDER A.C.A. § 20-57-208; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ALCOHOLIC BEVERAGES; PROVIDING THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's PoliticalCaucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian CivicAction Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and your proposed ballot title for a variety of reasons.
(1) One reason that I must reject your proposed popular name and ballot title is that the text of your proposed measure contains certain ambiguities that render it incapable of being fairly and accurately summarized. I refer to the following ambiguities:
 (a) Section Four of your proposed amendment provides for the creation of a "Canvasser's Account," which would be distributed to canvassers and sponsors of measures that are approved by the voters. Section Four (6)(j) and (k) provide for distribution "equally divided by the number of amendments and acts for the period of time after the dates of certification overlap," in the event that two or more measures pass. These sections fail to address how distributions prior to the date of certification overlap should be calculated. They also fail to address the calculation of distributions in the event that one person sponsors more than one measure, or in the event that one person serves as a canvasser for more than one measure, and whether these multiple sponsors and canvassers are to receive a larger share.
 (b) Section Eight of your proposed measure is unclear. The first paragraph excludes from the amendment items" included" in the Arkansas Soft Drink Tax Act. The second paragraph then provides that items "excluded" under the Arkansas Soft Drink Tax Act are to be included in the amendment. The use of the terms "excluded" and" included" raise questions as to whether the intent is to refer to exclusion from or inclusion in the proposed amendment, or rather, to refer to exclusion from or inclusion in the Arkansas Soft Drink Tax Act.
(2) I must also reject your proposed popular name and ballot title on the grounds of its length and complexity. I note that your proposed measure attempts to encompass a number of unrelated subjects. Although the law does not prohibit you from including multiple subjects in one measure, an attempt to do so may render the measure inordinately complex and lengthy. When a proposed measure is inordinately complex and lengthy, it cannot as a practical matter be summarized in a ballot title that fairly and accurately informs the voters of the contents of the measure. In this regard, I must point out that your proposed ballot title contains 974 words. Because the voters have a limited amount of time to spend in the voting booth, they cannot practically be expected to read and comprehend a ballot title of this length, if the ballot title has other complicating features, such as an attempt to encompass multiple unrelated subjects. The problem is exacerbated by the fact that both the proposed measure and the proposed ballot title contain grammar, syntax, spelling, and structural problems that lead to confusion and difficulty of comprehension.
As I have pointed out to you on previous occasions, my office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,
341 Ark. ___, ___ S.W.3d ___ (Case No. 00-485 (July 7, 2000). The Court concluded: "[i]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor. See A.C.A. § 7-9-107(c).
Mr. Emigh, the problems of length, complexity, grammar, syntax,spelling, and structure that have led me to reject your proposed popularname and ballot title in this instance are problems that have recurred inthe numerous measures that you have previously presented to my office forcertification. Amending the constitution of the state is a very seriousmatter. The Arkansas Supreme Court holds popular names and ballot titlesof proposed constitutional amendments to a standard that is commensuratewith this seriousness. Accordingly, I must be diligent in my duty toassure that the popular names and ballot titles that I certify meet thecourt's high standard. If you are intent upon passing a measure that willamend the constitution, I strongly urge you to obtain legal counsel whowill be able to assist you in meeting this standard. Such counsel willhelp you to avoid wasting time and effort in preparing proposals thatcannot be certified.
If you should choose to clarify the problems discussed above and resubmit your proposed amendment, along with a proposed popular name and ballot title, I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh