Mr. Marvin Cossey 198 Needmore Road Sidney, AR 72577
Dear Mr. Cossey:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
Popular Name
VOTER APPROVAL TAX AMENDMENT
Ballot Title
 AN AMENDMENT PROVIDING THAT EFFECTIVE JANUARY 1, 2007 ALL TAX INCREASES OR NEW TAXES LEVIED BY THE STATE OF ARKANSAS OR ANY COUNTY, CITY OR OTHER TAXING ENTITY WITHIN THE STATE, SHALL BE APPROVED BY A MAJORITY OF THE PEOPLE VOTING IN A REGULARLY SCHEDULED GENERAL ELECTION, EXCEPT FOR TEMPORARY EMERGENCY TAXES ENACTED UNDER SECTION 2 OF THIS AMENDMENT, WHICH PROVIDES THAT IN AN EMERGENCY THE GENERAL ASSEMBLY MAY, WITH TWO THIRDS OF ALL SENATORS AND REPRESENTATIVES VOTING IN THE AFFIRMATIVE, APPROVE TAX INCREASES OR NEW TAXES ON A TEMPORARY EMERGENCY BASIS, WITH SUCH TAXES EXPIRING NOT LATER THAN EIGHTEEN MONTHS FROM DATE ENACTED, AND FOR THE PURPOSES OF THIS AMENDMENT DEFINING AN EMERGENCY AS ANY EVENT OR CIRCUMSTANCE POSING AN IMMINENT THREAT TO THE LIFE, SAFETY, HEALTH OR PROPERTY OF THE PEOPLE, AND FURTHER PROVIDING THAT PROVISIONS OF THE CONSTITUTION IN CONFLICT WITH THIS AMENDMENT ARE HEREBY REPEALED
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938
(1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
Before specifically addressing these ambiguities, I must draw your attention to another concern that must be addressed preliminarily. In requiring the approval of "all tax increasesor new taxes" by "a majority of the people voting in a . . .general election[,]" (emphasis added), your proposed amendment is deceptively short and simple. The implications of this measure in relation to changes in current law are actually both numerous and complex. Indeed, the ambiguities may be a function of the measure's expansive scope. It is far-reaching in its application, and its departure from current law varies in significance depending upon the category of tax and/or the particular change in relation thereto. For example, whereas currently there is no election requirement in connection with certain taxes, such as the county and city ad valorem property tax millage (see Ark. Const. art. 12, § 4 and A.C.A. §§ 26-25-101 and -102), the tax commonly referred to as the "hamburger tax" or the "advertising and promotion tax" (A.C.A. § 26-75-602), and a mixed drink tax levied by a city or a town (A.C.A. § 3-9-214), an election is already a prerequisite to many other taxes. See, e.g., Ark. Const. art. 14, § 3 (ad valorem property tax for schools); Ark. Const. amend. 30 (city library millage), amend. 31 (police and fire retirement millage), amend. 32 (city or county hospital millage), amend. 38 (county library millage); and A.C.A. §§26-74-201 et seq. and 26-75-201 et seq. (county and city sales and use taxes). Of perhaps greater significance, the vote requirement under the amendment differs from most current laws regarding elections on tax proposals in its requirement that "a majority of the people voting" in the election must approve the tax. Most, but not all laws, now require a majority of theelectors voting on the tax. See, e.g., Ark. Const. amends. 30
and 62, supra and A.C.A. § 14-164-338 (local sales and use tax to retire capital improvement bonds). Compare A.C.A. §14-72-305 (special tax to fund bonds for county courthouses and jails, requiring approval of "a majority voting in the election. . . ." Id. at subsection (a)). Calling for the vote at "a regularly scheduled general election" also signals a significant change from current law, which in most instances either authorizes or requires a specialelection to levy or increase a tax. See, e.g.,
A.C.A. § 26-73-110 (special .25% sales and use tax for mass transportation system); A.C.A. § 26-75-208 (special election for a municipal sales and use tax); A.C.A. §§26-73-113 and 14-164-328 (affording option of special or general election on certain sales and use taxes); A.C.A. §26-73-103 (new county city taxes).
Because your ballot title omits mention of these ways in which your proposal would alter existing law, the ballot title fails to meet the Arkansas Supreme Court's requirement that the title alert voters to the scope and significance of proposed changes in the law. Cf. Christian Civic Action Committee, supra. Further complicating matters are numerous ambiguities in the text of the amendment. Among the ambiguities are the following:
 1. Uncertainty as to the scope of the amendment may arise from the reference to "other taxing entity." The term "taxing entity" can have reference to an entity like an improvement district. Although such an entity levies "assessments," which are not ordinarily understood to constitute "taxes," the question may remain whether your proposed amendment uses the term in this more narrow sense. See, e.g., Op. Att'y Gen. Nos. 2005-237 and 2005-212.
 2. The term "new taxes" is unclear and may lead to voter confusion without clarification. Many kinds of taxes are currently authorized by law, but are not yet levied, such as the various statutorily authorized local sales and use taxes (e.g., A.C.A. §§ 26-73-111 and -113; 14-164-338, -340), county and city income taxes (A.C.A. § 26-73-104), the tax that may be levied for maintenance and operation of schools (Ark. Const. art. 14, § 3), and library and hospital millages (Ark. Const. amends. 30, 32, and 38). These taxes do not easily fit within either the term "tax increases" or "new taxes" as those terms might commonly be understood. The question arises whether a "new tax" is being levied if a city or county refers to the local electors the question of adopting a tax that has previously been authorized by the General Assembly. Thus, if the term "new taxes" were used in the ballot title, the voters might be confused as to its scope.
 Further adding to this uncertainty is the fact that under current law, the General Assembly may adopt new classes of taxes without an election and without declaring an emergency. See ACW, Inc. v. Weiss, 329 Ark. 302, 947 S.W.2d 770 (1997) (discussing Ark. Const. art. 5, § 38, which was added to the constitution by Ark. Const. amend. 19).[1]
Although the term "new tax" would seem to include such taxes, this is not entirely clear because like the taxes noted above, some may actually be levied later; and the vote requirement under your proposed amendment applies to "new taxes levied. . . ." (Emphasis added). This might suggest that your measure applies when such a tax is levied, but not when that class of tax is adopted by the General Assembly.
 3. The amendment requires approval by a "majority of the people voting. . . ." The term "people" may lead to uncertainty without clarification. If the intent is to require a state-wide vote only for state-wide "tax increases or new taxes," this must be clearly stated. Otherwise, the language may be subject to interpretation because the term "regularly scheduled general election" presumably refers to the biennial statewide general election. A literal reading would seem to require a majority vote of all those voting in the election, i.e., state-wide, even if the tax is one levied by a county or a city. This understandably would seem absurd and was likely unintended. However, I cannot certify a ballot title that sufficiently summarizes your measure without clarification of this ambiguity.
 4. Uncertainty also surrounds the phrase "two thirds of all senators and representatives voting in the affirmative. . . ." If the intent is to require a 2/3 vote of each house — Senate and House of Representatives — as opposed to a 2/3 vote of both houses combined, this must be clarified before this aspect of your measure can be fairly summarized in a ballot title.
 5. By authorizing the General Assembly to approve "tax increases or new taxes" on a "temporary emergency basis," the proposed amendment appears to deny such authority to any "county, city or other taxing entity;" and it might give this authority to the General Assembly even with regard to a local county or city tax. Because this would depart significantly from current law, this change, if intended, must be clearly expressed so that it can be properly reflected in a ballot title.
The foregoing discussion of potential problems in the text of your proposed measure is not intended to be exhaustive. However, the ambiguities and uncertainties discussed above preclude me from performing my job of summarizing your proposed amendment. Unless these ambiguities are resolved, I will be unable to summarize the measure effectively and in a manner that adequately advises the electorate of the measure's provisions and the effects thereof. I am reluctant to interject my own interpretation of your measure on these points into a ballot title or popular name given my uncertainty as to the precise underlying assumptions. These questions must be addressed in your measure and ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Robertsv. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons, and instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MIKE BEEBE Attorney General
MB: cyh
[1] Amendment 19 stated:
 None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.